UNITED STATES DISTRICT COURT
IN THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| JASON DEL BIONDO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>PHARMACY CORPORATION OF AMERICA, a foreign profit corporation; PHARMERICA HOSPITAL PHARMACY SERVICES, LLC, a foreign limited liability company; PHARMERICA INSTITUTIONAL PHARMACY SERVICES, INC., a foreign profit corporation; PHARMERICA LOGISTIC SERVICES LLC, a foreign limited liability company; PHARMERICA SOLUTIONS SERVICES LLC; and Does 1-20, as yet unknown Washington entities,<br><br>Defendants. | NO.<br><br>NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT |

PLEASE TAKE NOTICE that Defendants Pharmacy Corporation of America, PharMerica Hospital Pharmacy Services, LLC, PharMerica Logistic Services LLC, and PharMerica Solutions Services LLC (collectively, the "PharMerica Defendants") remove this action from the King County Superior Court to the United States District Court for the Western District of Washington under 28 U.S.C. §§ 1332, 1441, 1446, and 1453, because minimal



DBS | LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY
819 VIRGINIA STREET, SUITE C2 | SEATTLE, WA 98101
PHONE: (206) 489.3802 | FAX: (206) 973.8737

diversity exists under the Class Action Fairness Act ("CAFA"), there are over 100 members in the putative class, and the amount in controversy exceeds $5 million.

The PharMerica Defendants deny the allegations of the Complaint and denies that Plaintiff or any class member is entitled to any relief whatsoever, and files this Notice without waiving any defense. The PharMerica Defendants reserve the right to present evidence to support the allegations of this Notice if the Notice or the Court's jurisdiction is questioned.

## I. PROCEDURAL BACKGROUND

1. On October 23, 2025, Plaintiff Jason Del Biondo ("Biondo") filed a civil action in the King County Superior Court of Washington State, individually and on behalf of the members of a class, styled as: J*ason del Biondo v. Pharmacy Corporation of America, PharMerica Hosp. Pharmacy Services, LLC, PharMerica Solutions Services LLC*, Case No. 25-2-31621-1 SEA.

2. Plaintiff served the PharMerica Defendants with the Summons and Complaint on October 29, 2025. See **Ex. A**, Proof of Service.

3. The Complaint asserts claims on behalf of the following putative class (the "Class"):

> All current and former employees of Pharmerica who worked in Washington and earned less than twice the applicable state minimum hourly wage from October 23, 2022, through the date of certification of the Class.

Compl. ¶ 35.

4. On behalf of himself and the purported Class, Biondo seeks $5,000 in statutory damages per putative class member, based on allegedly being restricted from having additional jobs, supplementing income by working for another employer, working as an independent



DBS | LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY
819 VIRGINIA STREET, SUITE C2 | SEATTLE, WA 98101
PHONE: (206) 489.3802 | FAX: (206) 973.8737

contractor, or being self-employed, all in alleged violation of RCW 49.62.070. Complaint ¶¶ 43-52. Biondo also claims an award of attorneys' fees under RCW 49.62.080, pre- and post-judgment interest, injunctive, and declaratory relief. *Id.*

## II. REMOVAL IS TIMELY

5. Biondo served the PharMerica Defendants with the Summons and Complaint on October 29, 2025. Thirty (30) days from that date of service was November 28, 2025, which is a state holiday in Washington (Native American Heritage Day). RCW 1.16.050. Because the deadline fell on a holiday, followed by a weekend, pursuant to Federal Rule of Civil Procedure 6, the deadline for removal moves to December 1, 2025, making this removal timely. Fed. R. Civ. P. 6(a)(6)(C); *see also Martirosyan v. United Parcel Serv., Inc.*, No. 2:23-CV-01094-SB-DFM, 2023 WL 2916549, at *3, n.8 (C.D. Cal. Apr. 12, 2023).

## III. VENUE

6. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because the Seattle Division of the United States District Court for the Western District of Washington embraces King County Superior Court (the place where this action was pending).

## IV. THIS COURT HAS SUBJECT MATTER JURISDICTION UNDER CAFA

7. This lawsuit is a putative class action.[1] Removal under CAFA is proper under 28 U.S.C. §§ 1441, 1446, and 1453 because (1) minimal diversity of citizenship exists between the PharMerica Defendants and Biondo; (2) there are over 100 members in the putative Class; and (3) the Complaint places in controversy more than $5 million, excluding interest and costs. 28 U.S.C. §§ 1332(d)(2), (d)(5)(b), 1453. The PharMerica Defendants deny the allegations of the

[1] The PharMerica Defendants deny that this matter is properly a class action and reserve all defenses and rights, including the right to contest that this action be certified as a class action.



DBS | LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY
819 VIRGINIA STREET, SUITE C2 | SEATTLE, WA 98101
PHONE: (206) 489.3802 | FAX: (206) 973.8737

Complaint, deny that Biondo or putative class members are entitled to any relief whatsoever, and deny that the action meets the requirements of a class action. However, based on the allegations of the Complaint and preliminary investigation into class allegations, all CAFA jurisdictional requirements are met here.

**A. Minimal Diversity of Citizenship Exists Between the PharMerica Defendants and Biondo**.

8. Only minimal diversity is needed to establish diversity under CAFA. A removing party only need show that one putative class member is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(2); *Broadway Grill, Inc. v. Visa Inc.*, 856 F.3d 1274, 1277 (9th Cir. 2017) ("[U]nlike other civil actions, where there must be complete diversity between named plaintiffs and defendants, CAFA requires only what is termed 'minimal diversity.'").

9. Minimal diversity exists under 28 U.S.C. § 1332(d)(2) because Biondo and at least one of the PharMerica Defendants, PharMerica Corporation, are citizens of different states.

**i. Biondo is a Citizen of Washington State.**

10. "An individual is a citizen of the state in which he is domiciled." *Boon v. Allstate Ins.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)). For purposes of diversity jurisdiction, citizenship is determined by an individual's domicile when suit was filed. *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986). Domicile is determined by a person's 1) state of residence, and 2) intent to remain or return. *Adams v. W. Marine Prods.*, 958 F.3d 1216, 1221 (9th Cir. 2020) ("At



DBS | LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY
819 VIRGINIA STREET, SUITE C2 | SEATTLE, WA 98101
PHONE: (206) 489.3802 | FAX: (206) 973.8737

minimum, a person's residence constitutes *some* evidence of domicile.") "[A] party with the burden of proving citizenship may rely on the presumption of continuing domicile, which provides that, once established, a person's state of domicile continues unless rebutted with sufficient evidence of change." *Id.* (internal quotation omitted).

11. In the Complaint, Biondo alleges he resides in Clark County, Washington and was employed by Defendants in Washington. Compl. ¶ 16. Biondo's residence and employment in Washington creates the presumption of Washington domicile and he is, therefore, a citizen of the State of Washington for removal. *See State Farm Mut. Auto Ins. v. Dyer*, 19 F.3d 514, 519 (10th Cir. 1994) (citing *Lew*, 797 F.2d at 751).

12. Additionally, members of the putative Class are, or were, by definition, "employees of PharMerica who worked in Washington" and are presumed to be primarily citizens of the State of Washington. *Lew*, 797 F.2d at 750 (9th Cir. 1986) (a person's "place of employment" weighs in favor of citizenship). Thus, even if Biondo is not considered to be a citizen of Washington and was instead deemed to be a citizen of another state, other putative class members are citizens of Washington. *See* Complaint ¶ 35.

**ii. PharMerica is not a Citizen of Washington State.**

13. "For purposes of diversity, a corporation is a citizen of its state of incorporation and of the state where its principal place of business (i.e., its 'nerve center') is located." *Robertson v. GMAC Mortg., LLC*, 640 F. App'x 609, 611 (9th Cir. 2016) (citing 28 U.S.C. § 1332(c)(1) and *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81, 130 S. Ct. 1181, 175 L. Ed. 2d 1029 (2010)).

14. Here one of the defendants, PharMerica Corporation was, at the time of the



DBS | LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY
819 VIRGINIA STREET, SUITE C2 | SEATTLE, WA 98101
PHONE: (206) 489.3802 | FAX: (206) 973.8737

filing of this lawsuit, and still is, a Delaware corporation with is principal place of business in Louisville, Kentucky. **Ex. B**, Annual Report Kentucky SOS.

15. Therefore PharMerica Corporation is a citizen of the States of Kentucky and Delaware and minimal diversity exists between Plaintiff and the PharMerica Defendants.

**B. Putative Class Membership Exceeds 100 Individuals.**

16. The requirement under CAFA that a proposed class be no less than 100 members is satisfied because Biondo's putative class has more than 100 members. *See* 28 U.S.C. § 1332(d)(5).

17. Biondo defines the Class to include all current and former PharMerica employees who worked in Washington and earned less than twice the applicable state hourly minimum wage, from October 23, 2022, through the date of class certification. Complaint ¶ 35. The PharMerica Defendants reserve the right to oppose class certification and to dispute Biondo's class definition. Based on the Class definition, however, a preliminary examination suggests the putative Class includes more than 668 current and former PharMerica employees who worked in Washington making less than twice the applicable state minimum hourly wage during the alleged class period. Thus, the putative Class contains more than 100 members.

**C. The Amount in Controversy Exceeds $5,000,000.**

18. Claims of individual members in a CAFA class action are aggregated to determine whether the amount in controversy exceeds $5,000,000, exclusive of interest and costs for CAFA jurisdiction. 28 U.S.C. § 1332(d)(6).

19. A notice of removal need only show "a short and plain statement of the grounds for removal." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83 (2014). The



DBS | LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY
819 VIRGINIA STREET, SUITE C2 | SEATTLE, WA 98101
PHONE: (206) 489.3802 | FAX: (206) 973.8737

"defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id*. at 89. "[D]efendants do not need to prove to a legal certainty that the amount in controversy requirement has been met. Rather, defendants may simply allege or assert that the jurisdictional threshold has been met." *Id*. at 89–90. There is no presumption against removal in cases invoking CAFA because Congress intended to "facilitate adjudication of certain class actions in federal court." *Id*. at 89. Instead, "CAFA should be read with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant." *Bridewell-Sledge v. Blue Cross*, 798 F.3d 923, 929 (9th Cir. 2015) (internal quotations omitted).

20. Where, as here, Biondo has not pled an amount of damages he seeks through his Complaint, the Court can consider facts beyond the Complaint to determine whether the lawsuit meets the jurisdictional requirement. *See Abrego Abrego v. The Dow Chem. Co*., 443 F.3d 676, 690 (9th Cir. 2006) (*citing Singer v. State Farm Mut. Auto. Ins*., 116 F.3d 373, 377 (9th Cir. 1997)). The burden of showing the amount-in-controversy meets the federal jurisdictional threshold "is not a daunting one. . . [A] removing defendant is not obligated to completely 'research, state, and prove the plaintiff's claims for damages.'" *54-40 Brewing Co. LLC v. Truck Ins. Exch*., No. C21-5586, 2021 WL 6124788, at *2 (W.D. Wash. Dec. 28, 2021).

21. While the PharMerica Defendants deny Biondo's factual allegations and further denies that he and the putative Class he seeks to represent are entitled to any relief whatsoever, Biondo's allegations have put into controversy an amount "more likely than not" in excess of the $5 million threshold when aggregating the claims of the putative Class members as set forth in 28 U.S.C. § 1332(d)(6).



DBS | LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY
819 VIRGINIA STREET, SUITE C2 | SEATTLE, WA 98101
PHONE: (206) 489.3802 | FAX: (206) 973.8737

22. Biondo seeks $5,000 in statutory damages for himself and each putative Class member under RCW 49.62.080. Though the PharMerica Defendants deny that Biondo and the putative class members are entitled to any relief, deny that the case should be certified as a class action, and deny any plaintiff is entitled to any relief whatsoever, a preliminary analysis suggests that at least over 668 employees of PharMerica meet the class definition, placing at least $3,340,000 (a minimum of 668 putative Class Members multiplied by $5,000 statutory damages) in controversy in statutory damages.

23. Additionally, Biondo and the putative class seek injunctive relief. Compl. ¶ 52. In actions seeking declaratory relief or injunctive relief, the amount in controversy is measured by either the cost to the defendant to comply with the sought relief or the value of the object of the litigation to the Plaintiff. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (citing *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)); *Rodgers v. Cent. Locating Serv., Ltd.*, 412 F. Supp. 2d 1171, 1179–80 (W.D. Wash. 2006) ("where the value of a plaintiff's potential recovery ... is below the jurisdictional amount, but the potential cost to the defendant of complying with the injunction exceeds that amount, it is the latter that represents the amount in controversy for jurisdictional purposes.")

24. Here, the value of the injunctive relief to the Class is more than the cost of compliance to the PharMerica Defendants. That value is what the putative class gains from the removal of the purported barrier to earning additional money through "an additional job, supplementing their income by working for another employer, working for an independent contractor, or being self-employed." Compl. ¶ 8.

25. To value that requested relief, the PharMerica defendants have attempted to



DBS | LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY
819 VIRGINIA STREET, SUITE C2 | SEATTLE, WA 98101
PHONE: (206) 489.3802 | FAX: (206) 973.8737

quantify the value of additional work each purported class member would be free to perform if the allegedly illegal restriction on such additional employment were removed, as Plaintiff requests. Conservatively assuming each purported class member works an additional 10 hours/week at another job earning the minimum wage of $16.66/hr for a year, that would result in additional monetary value of $8,330.00 per purported class member currently employed by the PharMerica Defendants (10 hours at $16.66 multiplied by 50 weeks in a year, assuming no work for two weeks).

26. Based on the PharMerica Defendants' investigation to date, there are 234 current employees of Defendants working in Washington state and earning less than twice the minimum wage, each of which is a purported class member. Accordingly, the injunctive relief can be valued at an aggregate amount of $1,949,220 ($8,330.00 multiplied by 234).

27. Finally, attorneys' fees may be considered under the amount in controversy when authorized by law. *Shoner v. Carrier Corp.*, 30 F.4th 1144, 1148 (9th Cir. 2022) ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy.") (internal quotation omitted).

28. Here, Biondo seeks attorney's fees under RCW 49.62.080, and those fees can be considered for purposes of calculating the amount in controversy. Compl. ¶ 52.

29. The Court can consider not only fees incurred by the time of removal but estimated reasonable future fees through the end of the case. *Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018).

30. Factors to be considered in awarding attorneys' fees include consideration of



DBS | LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY
819 VIRGINIA STREET, SUITE C2 | SEATTLE, WA 98101
PHONE: (206) 489.3802 | FAX: (206) 973.8737

local awards/prevailing rates, the hourly rate of plaintiff's counsel, and the number of hours counsel would likely spend on the case. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1110, 1115 (9th Cir. 2008). Plaintiff's counsel working on employment class action cases in federal trial courts in the Ninth Circuit may spend many hours in pursuing a matter. *See, e.g.*, *Nwauzor v. GEO Grp., Inc.*, No. 3:17-cv-05769-RJB, Dkt. 565 (2021 U.S. Dist. LEXIS 238949, at *4) (W.D. Wash. Dec.14, 2021) & Dkt. 537 (awarding $1,418,671.43 in attorney's fees in Washington wage and hour class action where plaintiff's counsel requested rates up to $650 per hour); *Ridgeway v. Wal-Mart Stores Inc.,* 269 F. Supp. 3d 975, 1003 (N.D. Cal. 2017) (awarding fees in wage and hour class case where ten thousand hours of work resulted in lodestar of $6,491,662.12); *Gessele v. Jack in the Box, Inc.*, No. 3:14-CV-01092-HZ, 2024 U.S. Dist. LEXIS 67942, at *43 (D. Or. Apr. 14, 2024) (in employment class action awarding $1,697,237.20 after hours reduction where plaintiff's counsel sought compensation for 6,140.5 hours with an hourly rate ranging up to $529.75).

31. Here, 450 hours is a reasonable estimate of the number of hours Biondo's counsel likely will spend litigating his and the putative Class members' claims through trial, based on these allegations and a comparison of similar cases. Anticipated litigation activities including pretrial case management and discovery conferences; class and individual related discovery and class certification motions practice; depositions of Biondo, putative class members, Defendant witnesses, and likely experts; potential dispositive motions and discovery motions; trial; and, if successful, the arrangement of a class claim administration procedure. Therefore, 450 hours of attorney time represents a reasonable estimate of the minimum number of attorney hours that can reasonably be anticipated through the resolution of this case.



DBS | LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY
819 VIRGINIA STREET, SUITE C2 | SEATTLE, WA 98101
PHONE: (206) 489.3802 | FAX: (206) 973.8737

32. In another recent litigation, Biondo's counsel sought an hourly rate of $725. *Decl. of Timothy W. Emery in Support of Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement*, *Awbrey v. Lancesoft, Inc.*, No. 24-2-12844-1 SEA, at 9 (King Cnty. Super. Ct. June 24, 2025). 450 hours of attorney time at a billing rate of $725 an hour equates with $326,250 in attorneys' fees.

33. Biondo and the putative Class's claims therefore more likely than not place at least $5,615,470 in controversy, above the jurisdictional threshold:

| REMEDY | AMOUNT IN CONTROVERSY |
|---|---|
| Statutory damages for at least 668 putative class members | $3,340,000 |
| Injunctive relief for at least 234 putative class members | $1,949,220 |
| Biondo's attorneys' fees | $326,250 |
| **TOTAL** | **$5,615,470.00** |

## V. THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED

34. As set forth above, this Notice of Removal is timely filed within deadline for removal as calculated under Fed. R. Civ. P. 6.

35. The PharMerica Defendants will promptly serve this Notice of Removal on all parties and will promptly file a copy of this Notice of Removal with the clerk of the state court in which the action is pending, as required under 28 U.S.C. § 1446(d).

36. The PharMerica Defendants have sought no similar relief.



DBS | LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY
819 VIRGINIA STREET, SUITE C2 | SEATTLE, WA 98101
PHONE: (206) 489.3802 | FAX: (206) 973.8737

37. Though under CAFA it is not necessary, all named Defendants consent to removal in any event.

38. The prerequisites for removal under 28 U.S.C. §§ 1332(d)(2), 1441 and 1446 have been met. Pursuant to 11 U.S.C. 1446(a), attached as **Exhibits C** and **D** are copies of 'all process, pleadings, and orders served upon such defendant or defendants in such action.' The Complaint is included separately as **Exhibit C**, in compliance with W.D. Wash. LCR 101(b).

39. Because this Court has original jurisdiction under 28 U.S.C. § 1332(d)(2), removal of this action is proper pursuant to 28 U.S.C. § 1441.

## VI. CONCLUSION

For the above reasons, removal to this Court is proper. If any issue arises as to removal of this action, the PharMerica Defendants respectfully request the opportunity to conduct jurisdictional discovery, present evidence, and argument in support of its position that this case is subject to removal, and be heard on the issue.

DATED this 1st day of December 2025.

DBS | LAW

By *s/ Claire L. Rootjes*

Daniel J. Bugbee, WSBA No. 42412
Claire L. Rootjes, WSBA No. 42178
819 Virginia Street, Suite C2
Seattle, WA 98101
Phone: 206-489-3802
Fax: 206-973-8737
dbugbee@lawdbs.com
crootjes@lawdbs.com
*Attorneys for PharMerica Defendants*